# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>WINDY HAYES,<br><br>    Defendant. | Case No. CR11-2025<br><br>ORDER FOR PRETRIAL DETENTION |

On the 22nd day of April, 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Patrick J. Reinert. The Defendant appeared personally and was represented by her attorney, Anne M. Laverty.

## RELEVANT FACTS

On April 19, 2011, Defendant Windy Hayes was charged by Indictment (docket number 9) with conspiracy to distribute heroin (Count 1), distribution of heroin (Counts 4 and 5), and possession with intent to distribute a controlled substance (Count 16). Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on June 20, 2011.

Cedar Rapids Police Officer Brian Furman, who is currently assigned to the DEA Task Force, testified regarding the circumstances underlying the instant charges. Defendant is named in a conspiracy to distribute heroin in Waterloo, Iowa, and Cedar Rapids, Iowa. As part of the investigation of the drug conspiracy, law enforcement placed wiretaps on telephones belonging to some of those involved in the conspiracy. Defendant was intercepted on the wiretaps on multiple occasions. Defendant appeared to be partners

1

with the drug source, and partners with co-defendant Thelma Moore. (Defendant and Thelma Moore are sisters.) Defendant and Moore made trips to Chicago, Illinois, to obtain heroin for distribution in Waterloo and Cedar Rapids.

Officer Furman testified to multiple controlled purchases of heroin involving Defendant. In one instance, Furman met with a drug source at a gas station in Center Point, Iowa. Furman purchased 10 grams of heroin from the drug source. Defendant drove the drug source to the gas station when the delivery of heroin was made to Furman. According to Furman, Defendant was determined to be the original source of the heroin. On December 30, 2010, and January 3, 2011, Defendant was involved in two controlled purchases of heroin by a confidential informant ("CI"). In both instances, the CI arranged for the purchase of heroin by telephone, was transported to Defendant's residence, and purchased heroin from Defendant. The CI paid $100 for the heroin in each controlled transaction.

On February 15, 2011, authorities executed 17 search warrants, including a search of Defendant's residence. Law enforcement found 20 pills of the prescription drug methadone, which were not prescribed to Defendant. Law enforcement also searched Thelma Moore's residence and found heroin and cutting agents. Defendant and co-defendant Moore were allegedly "partners."

Law enforcement interviewed the charged co-conspirators, and some of those interviewed stated that Defendant and Moore were partners who sold heroin on a daily basis. Defendant was also interviewed by law enforcement. She attempted to minimize her involvement in the conspiracy, stating that her involvement was to finance her own addiction to heroin. However, she did not deny being a part of the conspiracy.

According to the pretrial services report, Defendant is 52 years old. She was born and raised in Chicago, and lived there until she moved to Waterloo about 12 years ago. Defendant has six brothers who live in Chicago or Pensacola, Florida. Prior to her arrest, Defendant was living with her sister, co-defendant Thelma Moore, in Waterloo.

Defendant is single and has never been married. She has three children, two sons and one daughter. One son lives in Chicago, and the other son, age 18, lives with her. Her adult daughter lives in Waterloo, but does not reside with Defendant.

Defendant is currently unemployed, but in 2010 she worked for Omega Cabinetry in Waterloo for about eight months. She has no serious physical or mental health problems. Defendant admitted daily heroin use for the past five years. Her last heroin use was on the day that she was arrested.

Defendant was arrested for retail theft in 1992, and criminal trespass in 1994, both in Cook County, Illinois. Both charges were stricken from the docket. On February 25, 1996, Defendant was charged and later convicted of manufacturing and delivering of a controlled substance. While the manufacture and delivery of a controlled substance charge was pending, Defendant was charged and later convicted of heroin possession. In December 1996, Defendant was sentenced to 30 months probation on both charges. In 1997, while on probation for the 1996 charges, Defendant was charged in separate instances with disorderly conduct and possession of heroin. According to the pretrial services report, the disposition of both charges is unknown. However, on November 24, 1997, Defendant was found in violation of probation and sentenced to an additional 18 months of probation on the 1996 charges. At the hearing, the Government represented that Defendant was convicted of the drug charge filed in 1997,

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).

3

It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with conspiracy to distribute heroin, two counts of distribution of heroin, and possession with intent to distribute a controlled substance, which are offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

4

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a

5

factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute heroin, distribution of heroin, and possession with intent to distribute a controlled substance. The weight of the evidence against Defendant is strong. Wiretaps and interviews of co-conspirators by law enforcement indicate that Defendant was involved in a conspiracy to distribute heroin in Waterloo and Cedar Rapids. Though she tried to minimize her involvement when she spoke to law enforcement, Defendant did not deny being a part of the conspiracy. Defendant was involved in three controlled transactions, one involving Officer Furman and two involving a CI, for the purchase of heroin. In a search of Defendant's residence, pursuant to a search warrant, law enforcement found 20 methadone pills. Methadone is a prescription drug associated with heroin.

The charges against Defendant are very serious. If convicted of Count 1, with one prior felony drug conviction, Defendant would receive a mandatory 20-year prison sentence. If convicted of Count 1 with two prior felony drug convictions, Defendant would receive a mandatory life prison sentence. Defendant is currently unemployed and has connections to Chicago. Defendant is also addicted to heroin, and used heroin on a daily basis for five years until the date of her arrest. Even after her apartment was searched on February 15, 2011, Defendant continued to use heroin on a daily basis. The Court has no confidence that Defendant would comply with the terms and conditions it would impose if she were released. Based on the serious nature and circumstances of the offense, the strength of the evidence, Defendant's personal characteristics, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds

by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (April 20, 2011) to the filing of this Ruling (April 22, 2011) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 22nd day of April, 2011.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA